IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| GRANT HRDLICKA, | * |
| *Plaintiff.* | * |
| v. | *   Civil Action No. RDB-22-2299 |
| CARLOS DEL TORO, *et al.*, | * |
| *Defendants.* | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

Plaintiff Grant Hrdlicka ("Plaintiff" or "Hrdlicka") is a 22-year-old enlisted sailor who applied for admission to the United States Naval Academy ("Naval Academy") in Annapolis, Maryland. Ultimately, as part of his application process, he attended the Naval Academy Preparatory School ("NAPS") located on Naval Station Newport in Newport, Rhode Island. The NAPS program is a ten-month college preparatory training program offered to enlisted personnel seeking Naval Academy appointment.[1] The undisputed facts in this case establish that during his attendance at NAPS, Hrdlicka violated the NAPS Conduct Manual by bringing alcohol into a residence hall and serving it to underage service members, one of whom became ill. Ultimately, in addition to the military discipline imposed, Hrdlicka was disenrolled from the NAPS program and reassigned to his previous duties as an enlisted sailor. As a result, Hrdlicka filed the subject Complaint against the Defendant Carlos Del Toro, in his official capacity as Secretary of the Navy, and the Defendant Vice Admiral Sean S. Buck, in his official capacity as Superintendent of the Naval Academy.

---

[1] "Midshipmen at the Naval Academy shall be appointed by the President alone." 10 U.S.C. § 8453.

Presently pending is Defendants' Motion to Dismiss or for Summary Judgment (ECF No. 24).[2] Plaintiff has opposed the Motion, (ECF No. 27), and Defendants have replied. (ECF No. 34.) The parties' submissions have been reviewed and a hearing was conducted in this matter on the record on June 20, 2023. *See* Local Rule 105.6 (D. Md. 2021).

For the reasons set forth on the record and as follows, the Defendants' Motion to Dismiss or for Summary Judgment (ECF No. 24), construed as a Motion to Dismiss, is GRANTED and this case is DISMISSED WITH PREJUDICE under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. Quite simply, the Plaintiff challenges the disenrollment decision, which is a nonjusticiable military decision. The clear precedent of the decisions of this Court and the United States Court of Appeals for the Fourth Circuit compels the dismissal of this action.

## BACKGROUND

In ruling on a motion to dismiss, this Court "accept[s] as true all well-pleaded facts in a complaint and construe[s] them in the light most favorable to the plaintiff." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (citing *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015)). Except where otherwise indicated, the following facts are derived from Plaintiff's Complaint, (ECF No. 1), and accepted as true for the purpose of Defendants' Motion to Dismiss.

---

[2] In addition to Defendants' Motion to Dismiss or for Summary Judgment (ECF No. 24), currently pending are Plaintiff's Motion to Strike Defendants' Reply Brief (ECF No. 35) and Plaintiff's Request for Expedited Hearing (ECF No. 39). Plaintiff's Motion to Strike Defendants' Reply Brief (ECF No. 35) shall be DENIED, as the decision whether to grant a motion to strike is within the sound discretion of the trial court, *United States v. Ancient Coin Collectors Guild*, 899 F.3d 295, 324 (4th Cir. 2018), and Defendants' twelve-minute transgression is forgivable. Plaintiff's Request for Expedited Hearing (ECF No. 39) shall be DENIED as moot, as the parties appeared before this Court for a motions hearing on June 20, 2023.

## I. Background Information on Plaintiff Grant Hrdlicka

Plaintiff Grant Hrdlicka enlisted in the Navy on May 21, 2019. (Defs.' Mem. Law Supp. Mot. Dismiss 4, ECF No. 24-1; Ex. 3 24, ECF No. 10-3.) Hrdlicka arrived at NAPS in July 2021. (ECF No. 24-1 at 5.) At the time of the April 2022 incident that led to his disenrollment, he was twenty-one years old. (*Id.*)

## II. Alcohol-Related Incident on April 2, 2022

On the evening of Saturday, April 2, 2022, Hrdlicka and three other NAPS midshipman candidates convened in a NAPS residence hall to watch a Final Four basketball game. (Compl. ¶ 28, ECF No. 1.) At some point that evening, Hrdlicka purchased and provided alcohol to underage service members in a NAPS residence hall. (*Id.* at ¶¶ 28–29.) One of the underage service members consumed alcohol to the point of becoming ill. (*Id.* at ¶ 29.) Both Hrdlicka and the aforementioned underage service member self-reported the incident on Monday, April 4, 2022. (*Id.* at ¶ 30; Ex. 1 9, ECF No. 11-1 *SEALED*.)

## III. The Subsequent Preliminary Investigation, Adjudication, and Appeals

That same day, Commanding Officer ("CO") Captain J. D. Bahr ("Captain Bahr") designated a United States Marine Corps ("USMC") Captain to conduct an inquiry into the incident under JAGINST 5800.7G. (ECF No. 11-1 at 5 *SEALED*.) On April 9, 2022, Hrdlicka was informed of his rights under Article 31 of the Uniform Code of Military Justice ("UCMJ"), which included the right to remain silent and the right to consult with legal counsel prior to any questioning. (ECF No. 1 at ¶ 31; ECF No. 11-1 at 7 *SEALED*.) Hrdlicka declined to be interviewed, as was his right, "indicat[ing] that he might consult with counsel before providing such a statement," as was also his right. (ECF No. 1 at ¶ 31; ECF No. 11-1

3

at 9 *SEALED*.)  Hrdlicka alleges that after he announced his intention to exercise these rights, verbal comments were made to him that made him feel "completely intimidated" and "coerced" into "sign[ing] his right to consult with counsel away." (ECF No. 1 at ¶¶ 32–36.)

At the conclusion of the preliminary investigation, the USMC Captain made a number of recommendations, (ECF No. 11-1 at 1–15 *SEALED*), including that Hrdlicka be adjudicated at the CO level for violating Articles 0102, 0501, and 0503 of the NAPS Conduct System; that Captain's Mast should be considered due to the fact that Hrdlicka was a prior enlisted Sailor; and that Hrdlicka should be charged with violating Article 92 under the UCMJ. (*Id.* at 4.)

On April 12, 2022, Hrdlicka was notified of these recommendations and two charges against him. (ECF No. 10-3 at 24.) Specifically, he was charged with violations of UCMJ Articles 92 and 134. (*Id.* at 1–28; ECF No. 1 at ¶ 33.) Hrdlicka met with a NAPS Legal Officer on April 13, 2022 and April 14, 2022, and during those meetings, Hrdlicka was provided information about his rights. (ECF No. 10-3 at 4–13.) On both occasions, Hrdlicka acknowledged these rights in writing. (*Id.*)

After Plaintiff waived his right to a trial by Court Martial under the UCMJ, (*id.* at 25), a Captain's Mast Non-Judicial Punishment ("NJP") Adjudication Hearing was held on April 15, 2022. (*Id.*) Hrdlicka submitted a written statement in which he admitted to the conduct charged and explained why "he had [] considered [consulting with counsel] in the first instance." (ECF No. 1 at ¶ 35; ECF No. 10-3 at 14–15.) The CO—Captain Bahr—found Hrdlicka guilty on both charges and imposed 60 days' restriction, 60 days' loss of privileges, one reduction in rank, and half pay for 60 days. (ECF No. 10-3 at 3.) Captain Bahr also noted

that Hrdlicka should be recommended for disenrollment from NAPS. (*Id.*) Plaintiff was "advised that [he] ha[d] the right to appeal this punishment to the General Court Martial Convening Authority" "within a reasonable time, which is normally 5 days." (*Id.* at 3, 26.) Importantly, Hrdlicka did not appeal the NJP. (ECF No. 24-1 at 7.)

On April 19, 2022, Hrdlicka was notified of the CO's recommendation for involuntary disenrollment, based on "deficient conduct performance." (ECF No. 10-1 at 11; ECF No. 1 at ¶ 37.) He immediately indicated his intent to appeal the involuntary disenrollment recommendation. (*Id.*)

On April 25, 2022, Hrdlicka submitted an appeal of the recommendation for involuntary disenrollment addressed to the Superintendent of the Naval Academy—Defendant Vice Admiral Sean S. Buck. (ECF No. 10-1 at 3–10; ECF No. 1 at ¶¶ 39, 52.) On April 26, 2022, the Superintendent denied Plaintiff's appeal and approved his disenrollment based on the "deficient conduct performance as evidenced by your non-judicial punishment of 15 April 2022." (ECF No. 10-4 at 1–2; ECF No. 1 at ¶ 52.)

On September 12, 2022, Hrdlicka initiated this action. (ECF No. 1.) On February 15, 2023, Defendants filed the presently pending Motion to Dismiss or for Summary Judgment. (ECF No. 24.) Plaintiff opposed the Motion, (ECF No. 27), and Defendants replied. (ECF No. 34.) A hearing was conducted in this matter on the record on June 20, 2023. This Motion is ripe for review.

## STANDARD OF REVIEW

Defendants have filed a Motion to Dismiss or for Summary Judgment. (ECF No. 24.). Specifically, Defendants request the entirety of Plaintiff's Complaint be dismissed under Fed.

5

R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction; or under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Defendants further aver that even if Plaintiff had stated a claim under the Administrative Procedure Act ("APA"), Defendants are entitled to summary judgment because Hrdlicka cannot establish that the well-reasoned decision of the Superintendent to disenroll him was arbitrary and capricious. As noted above, this Court will construe Defendant's Motion as a Motion to Dismiss, and because Defendants' motion will be granted for lack of subject matter jurisdiction, the Court need only address the standard under Fed. R. Civ. P. 12(b)(1).

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction challenges a court's authority to hear the matter brought by a complaint. *See Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). A challenge to jurisdiction under Rule 12(b)(1) may proceed either as a facial challenge, asserting that the allegations in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting "that the jurisdictional allegations of the complaint [are] not true." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (citation omitted). In a facial challenge, a court will grant a motion to dismiss for lack of subject matter jurisdiction "where a claim fails to allege facts upon which the court may base jurisdiction." *Davis*, 367 F. Supp. 2d at 799. Here, Defendants argue that Plaintiff's claims are non-justiciable, even accepting all of the factual allegations in Hrdlicka's Complaint.

## ANALYSIS

Defendants argue that the present controversy is non-justiciable because it involves a "nonjusticiable military decision." (ECF No. 24-1 at 9.) The United States Supreme Court

6

has traditionally afforded great deference to the military when called to review the "complex, subtle and professional decisions as to the composition, training, equipping, and control of a military force." *Gilligan v. Morgan*, 413 U.S. 1, 10 (1973). Such issues are often properly reserved to "branches of the government which are periodically subject to electoral accountability," not the judiciary. *Id.* In particular, 10 U.S.C. § 8453 provides that "[m]idshipmen at the Naval Academy shall be appointed by the President alone." 10 U.S.C. § 8453. Nevertheless, deference to military judgment does not require abdication of the judicial function. *See, e.g., Emory v. Sec'y of the Navy*, 819 F.2d 291, 294 (D.C. Cir. 1987) (finding as justiciable suit alleging that plaintiff was denied promotion in Navy ranks because of alleged racially discriminatory practices); *Roe v. Dep't of Def.*, 947 F.3d 207, 219 (4th Cir. 2020) (upholding district court's determination that APA and equal protections claims lodged against the Air Force were justiciable).

The United States Court of Appeals for the Fourth Circuit has permitted judicial review of the military's decisions on a case-by-case basis, weighing the nature of the Plaintiff's claims against the risks of interference with the military function. To determine whether judicial review is appropriate, the Fourth Circuit applies the framework articulated in *Mindes v. Seaman*, 453 F.2d 192 (5th Cir. 1971). *See Roe*, 947 F.3d at 217–18 (citing *Mindes*, 453 F.2d at 201–02); *see also Deese v. Esper*, 483 F. Supp. 3d 290, 304–05 (D. Md. 2020) (citing *Mindes*, 453 F.2d at 201–02; *Roe*, 947 F.3d at 217–218). To present a justiciable case under *Mindes*, the plaintiff must satisfy two threshold requirements. First, the plaintiff must allege "the deprivation of a constitutional right, or . . . that the military has acted in violation of applicable statutes or its own regulations." *Mindes*, 453 F.2d at 201. Second, "the plaintiff must have exhausted the

available intraservice corrective measures." *Roe*, 947 F.3d at 218 (citing *Guerra v, Scruggs*, 942 F.2d 270, 276 (4th Cir. 1991)).  Where these requirements have been satisfied, the court balances four factors to determine whether the military controversy is justiciable:

1. The nature and strength of the plaintiff's challenge to the military determination;
2. The potential injury to the plaintiff if review is refused;
3. The type and degree of anticipated interference with the military function; and
4. The extent to which the exercise of military expertise of discretion is involved.

*Roe*, 947 F.3d at 218 (citing *Guerra*, 942 F.2d at 276).

Plaintiff's claims do not present a justiciable military controversy.  *Mindes*'s first threshold requirement is not satisfied, as Hrdlicka has not alleged "the deprivation of a constitutional right, or . . . that the [Navy] failed to follow its own applicable statutes or its own regulations."  In his Complaint, Plaintiff alleges that his Fifth Amendment Due Process rights were violated, and that the Navy failed to follow the procedures set forth in Naval Academy Preparatory School Instruction ("NAPSINST") 1610.G, § 3.8.

To show that he was deprived of his Fifth Amendment Due Process rights, Plaintiff must show that there was "(1) a cognizable liberty or property interest; (2) the deprivation of that interest by some form of state action; and (3) that the procedures employed were constitutionally inadequate." *Shirvinski v. U.S. Coast Guard*, 673 F.3d 308, 314 (4th Cir. 2012). It is insufficient for a party to complain about a process that should have been received unless that party has been deprived of some underlying substantive interest.  *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983); *Roberts v. United States*, 741 F.3d 152, 162 (D.C. Cir. 2014); *Elliot v. Martinez*, 675 F.3d 1241, 1245 (10th Cir. 2012).

8

Here, Hrdlicka challenges the CO's April 19, 2022 recommendation for involuntary disenrollment, based on "deficient conduct performance." (ECF No. 10-1 at 11; ECF No. 1 at ¶ 37.) However, it is well-established that "[m]ilitary service members do not have a property interest in their term of enlistment, attendance in military service academies, command position, or officer status." *Deese*, 483 F. Supp. 3d at 315 (citing *Downey v. U.S. Dep't of the Army*, 685 F. App'x 184, 193 (4th Cir. 2017); *Guerra v. Scruggs*, 942 F.2d 270, 277–79 (4th Cir. 1991*); Knehans v. Alexander*, 566 F.2d 312, 314 (D.C. Cir. 1997)). Thus, Hrdlicka cannot state a justiciable due process claim based on his purported property interest in an appointment to the Naval Academy.

As noted, Plaintiff further complains that the Navy violated its own procedures and regulations. Specifically, Plaintiff alleges that § 3.8 of the NAPSINST 1610.1G was not followed when Hrdlicka was not provided the opportunity to review or comment on the NAPS CO's disenrollment recommendation before it went to the Superintendent; and further, that he was not given sufficient notice of the reasons for the Superintendent's ultimate decision to disenroll him from NAPS. (ECF No. 1 at ¶¶ 37, 38, 53, 54.) Section 3.8 of NAPSINST 1610.1G sets forth the procedure for the CO's recommendation for separation and the Midshipman Candidate's right to review the entire package to be forwarded to the Superintendent, including the memorandum recommendation prepared by the CO. The record makes clear that Hrdlicka met with a NAPS Legal Officer on both April 13, 2022 and April 14, 2022, and during those meetings, Hrdlicka was provided information about his rights, including the right to consult with a lawyer, the right to appear before the officer determining the NJP, the right to submit written materials, and the right to "examine documents or physical

objects against you that the commanding officer has examined in the case and on which the commanding officer intends to rely in deciding whether and how much nonjudicial punishment to impose." (ECF No. 10-3 at 4–13.) On both occasions, Hrdlicka acknowledged these rights. (*Id.*) During the NJP proceeding on April 15, 2022, he affirmed that he had been provided with the opportunity to examine all of the documents and statements that would be considered by the CO. (ECF No. 10-3 at 2.) At the conclusion of the NJP, Hrdlicka was informed of the CO's decision and his appeal rights, which he failed to timely exercise. (*Id.* at 1–3, 24–28.)

On April 19, 2022, Hrdlicka was notified of the CO's recommendation for involuntary disenrollment, based on "deficient conduct performance." (ECF No. 10-1 at 11; ECF No. 1 at ¶ 37.) He immediately indicated his intent to appeal the recommendation for involuntary disenrollment. (*Id.*) Hrdlicka submitted a detailed appeal of the recommendation to disenroll dated April 25, 2022, which was attached and referred to the CO's April 25, 2022 Recommendation for Involuntary Disenrollment Memorandum to the Superintendent, along with the report prepared by the investigator and the NJP proceeding documents. (ECF Nos. 10-1, 10-3, 10-4, 11-1 *SEALED*.) With the exception of his appeal, the attachments submitted along with the CO's recommendation were the same documents that had been relied on in the NJP, and which Plaintiff confirmed three times that he had been offered the opportunity to review. (*Id.*) In his Opposition to Defendants' Motion to Dismiss, Plaintiff concedes that he was permitted to review the CO's forwarding memorandum, but contends that he was only permitted to do so after he submitted his appeal. (ECF No. 27 at 29.) However, NAPSINST 1610.1G, § 3.8 provides that '[a] copy of the CO's memorandum and

10

all enclosures will be provided to the Midshipman Candidate *before the matter is forwarded to the Superintendent for review and action.*" (emphasis added.) As Plaintiff was provided opportunity to review the materials prior to the matter being forwarded to the Superintendent, the Navy did not violate NAPSINST 1610.1G, § 3.8.

In his Opposition to Defendants' Motion to Dismiss or for Summary Judgment, Hrdlicka advances several new arguments. Specifically, Plaintiff submits that he has sufficiently alleged deprivations of procedural due process in at least two key respects: the deprivation of the right to consult with counsel before waiving the right to be tried by court-martial; and the deprivation of the right to defend himself. (ECF No. 27 at 13–28.) In addition, Hrdlicka complains that the Navy failed to follow the procedures set forth in NAPSINST 1900.1 and 1531.2A. (*Id.* at 28–30.) However, Hrdlicka may not raise issues or arguments to this Court which he did not squarely and timely raise before the Navy. *See Martinez v. United States*, 914 F.2d 1486, 1488 (Fed. Cir. 1990). As noted, Hrdlicka failed to timely appeal the NJP, and as such, Hrdlicka cannot challenge any aspect of the NJP in this Court. Moreover, he did not raise the issue of whether the Navy failed to follow the procedures set forth in NAPSINST 1900.1 and 1531.2A before the Navy. Thus, these new issues and arguments are irrelevant to this Court's analysis under *Mindes*.

Nor is the second threshold requirement satisfied, as Hrdlicka has not exhausted the available intraservice corrective measures. Plaintiff did not appeal the disenrollment decision to the Board for the Correction of Naval Records ("BCNR"), which "may correct any military record of the Secretary's department when the Secretary considers it necessary to correct an error or remove an injustice." 10 U.S.C. § 1552(a)(1). Citing to *Standage v. Braithwaite*, 526 F.

11

Supp. 3d 56 (D. Md. 2021), Hrdlicka argues that the APA does not require Plaintiff to further exhaust any administrative remedy, but the Court in *Standage* did not address the question presented here[3]—threshold justiciability—and the *Mindes* framework mandates that "the plaintiff *must* have exhausted the 'available intraservice corrective measures.'" *Roe*, 947 F.3d at 218 (quoting *Mindes*, 453 F.2d at 201) (emphasis added). As Hrdlicka failed to exhaust his administrative remedies, he has not satisfied the second threshold requirement for this Court's review of a military decision.

This Court alternatively notes that even if he had been able to meet the threshold requirements, he does not satisfy the four-part balancing test set forth in *Mindes*. The first *Mindes* factor—the nature and strength of Hrdlicka's challenge to the disenrollment decision—weighs against interference. The gravamen of Plaintiff's Complaint revolves around the process afforded to him during the NJP, a decision that he failed to timely appeal. As noted above, Hrdlicka may not raise issues or arguments to this Court which he did not squarely and timely raise before the Navy, thus Plaintiff's claims are neither of the nature nor the strength to justify interference.

With respect to the second *Mindes* factor—the potential injury to Hrdlicka if review is refused—this Court recognizes that Plaintiff has made a strong demonstration that his prospect of graduating from NAPS and attending the Naval Academy will be foreclosed if

---

[3] In *Standage*, the Navy argued that the entire lawsuit was premature, and that the plaintiff was required to exhaust his remedies by seeking relief from the BCNR in order to state a claim under the APA pursuant to the doctrine of administrative exhaustion. 526 F. Supp. 3d at 83. Based on the absence of any statutory requirement that the plaintiff exhaust with BCNR, Judge Hollander of this Court concluded that the plaintiff's failure to request relief from the BCNR did not render his APA claim premature. *Id.* at 84. Because *Standage* did not address the defendants' justiciability argument under *Mindes*, the decision is irrelevant to the Court's analysis here.

review is refused.  However, Hrdlicka is seeking reinstatement into a military training program after he admitted to violating applicable conduct rules and state law.  As such, this factor also weighs against interference.

The third *Mindes* factor is the type and degree of anticipated interference with the military function.  Courts are traditionally reluctant to interfere with the military establishment, including regarding military personnel decisions.  *Chappell v. Wallace*, 462 U.S. 296, 300 (1983) ("Civilian courts must, at the very least, hesitate long before entertaining a suit which asks the court to tamper with the established relationship between enlisted military personnel and their superior officers; that relationship is at the heart of the necessarily unique structure of the military establishment."); *Horn v. Schlesinger*, 514 F.2d 549, 553–54 (8th Cir. 1975).  Courts are generally not equipped to review professional military judgements.  *Gilligan v. Morgan*, 413 U.S. 1, 10 (1973) ("Moreover, it is difficult to conceive of an area of governmental activity in which the courts have less competence.  The complex subtle, and professional decisions as to the composition, training, equipping, and control of a military force are essentially professional military judgments, appropriately vested in branches of the government which are periodically subject to electoral accountability.").  Hrdlicka is challenging a military personnel decision, thus this factor also weighs against interference.

The final *Mindes* factor—the extent to which military expertise and discretion were involved in Hrdlicka's disenrollment—also weighs heavily against interference.  Courts afford the executive utmost deference in the area of national defense and military affairs.  *Rostker v. Goldberg*, 453 U.S. 57, 66 (1981).  As noted above, courts traditionally have deferred to the "superior knowledge and expertise of professionals" in such matters as duty orders,

promotions, demotions, and retention decisions. *Penagaricano v. Llenza*, 747 F.2d 55, 63 (1st Cir. 1984) (quoting *Mindes*, 453 F.2d at 202); *see also Chappell*, 462 U.S. at 300; *Gilligan*, 413 U.S. at 10. Accordingly, Hrdlicka has failed to meet the jurisdictional requirements to challenge his disenrollment from NAPS in this Court.

## CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss or for Summary Judgment (ECF No. 24) is GRANTED and this civil action is DISMISSED WITH PREJUDICE; Plaintiff's Motion to Strike Defendants' Reply Brief (ECF No. 35) is DENIED; and Plaintiff's Request for Expedited Hearing (ECF No. 39) is DENIED as moot.

A separate Order follows.


Dated: June 21, 2023

/s/
Richard D. Bennett
United States District Judge